# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA REID, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2260 |
| | § | |
| JO-ANN STORES, LLC and MCDOUGAL | § | |
| SEWING CENTER, INC., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to remand filed by plaintiff Rebecca Reid. Dkt. 9. After considering the motion, response, related documents in the record, and the applicable law, the court is of the opinion that the motion to remand should be DENIED.

## I. BACKGROUND

This case stems from an incident occurring in a Jo-Ann store in Katy, Texas, on July 6, 2015. Dkt. 1, Ex. C. Reid contends that she slipped and fell "due to a very wet and dangerous condition" while walking down an aisle in the front center of the store. *Id.* She claims that the fall caused a fully displaced patella fracture that has required multiple surgeries. *Id.*

On June 16, 2017, Reid filed premises liability and negligence claims against the company that operated the store, defendant Jo-Ann Stores, LLC ("Jo-Ann") and defendant McDougal Sewing Center, Inc. ("McDougal"), which the complaint merely states "is a company operating in the great state of Texas." *Id.* Reid filed these claims in the 281st Judicial District Court of Harris County, Texas. Dkt. 1.

Jo-Ann timely removed the case to this court. *Id.* Jo-Ann contends that this court has jurisdiction under 28 U.S.C. § 1332. *Id.* It acknowledges that McDougal is not a diverse defendant, but contends that McDougal was improperly joined for the sole purpose of destroying diversity. *Id.* If McDougal is not a proper defendant, then complete diversity exists between the parties and federal jurisdiction under § 1332 is proper.

On August 18, 2017, Reid filed a motion to remand. Dkt. 9. Reid contends that Jo-Ann and McDougal are co-tenants of the property and that her petition states that both JoAnn and McDougal had control of the property at the time Reid was injured. *Id.* Reid asks that the court remand the case back to state court and award her attorneys' fees and costs associated with the removal, which Reid contends was not objectively reasonable. *Id.*

Jo-Ann responds that the complaint contains no specific facts relating to McDougal and that Reid has no valid claim against McDougal, which sub-leased 1.2% of the total space of the premises and had no control over the premises. Dkt. 11. Additionally, the area McDougal subleases is not near the area where Reid fell. *Id.* Thus, Jo-Ann urges the court deny the motion to remand and request for attorneys' fees and instead award attorneys' fees to Jo-Ann. *Id.*

The motion is now ripe for disposition.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The burden of proving federal jurisdiction rests on the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Jo-Ann contends that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between all

parties. 28 U.S.C. § 1332(a). Jo-Ann recognizes that McDougal is not a diverse defendant, but it contends that McDougal is improperly joined. Dkt. 1.

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Jo-Ann does not assert actual fraud, so the court considers only the second method. Therefore, to prevent remand, Jo-Ann must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Id.*

There are two ways for a court to predict whether a plaintiff might be able to recover against an in-state defendant. First, the court can conduct a Rule 12(b)(6)-type inquiry by reviewing the complaint to determine if it states a claim against the in-state defendant. *Id.* In making this determination, the court applies the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the court finds that the claim has been insufficiently pled, the court should dismiss the improperly joined defendant without prejudice for lack of jurisdiction. *Lopez v.*

*United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *5 (S.D. Tex. July 11, 2016) (Hanks, J.) (explaining that dismissal without prejudice is appropriate because the court lacks subject matter jurisdiction over the claim against the non-diverse defendant and, therefore, cannot render a decision on the merits).

Second, a defendant could demonstrate that the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573–74. In that case, the court can "pierce the pleadings" in a summary inquiry to "identify the presence of discrete and undisputed facts [in the entire record] that would preclude plaintiff's recovery against the in-state defendant." *Id.*

## III. ANALYSIS

Jo-Ann asserts that McDougal is improperly joined under both a Rule 12(b)(6)-type analysis and a summary inquiry. Dkt. 11. The court agrees.

### A.    Rule 12(b)(6)

The court must determine whether Reid has stated a claim against McDougal under the federal pleading standard. The state-court petition states that Jo-Ann is the owner and operator of the premises in question. Dkt. 1, Ex. C. She alleges that McDougal is "a company operating in the great state of Texas." *Id.* She then refers to the "Defendants" generally throughout the petition, alleging that the "Defendants" had control over the premises, owed a duty to her as an invitee, and were negligent. *Id.* There is no indication as to what *McDougal*, as opposed to the "Defendants" collectively, did. The court finds that this is insufficient to allege a plausible claim against McDougal.

### B.    Summary Inquiry

Moreover, Jo-Ann has demonstrated that by asserting her pleadings against the "Defendants"

generally rather than stating what she alleges McDougal did, Reid has omitted discrete facts that would preclude judgment against McDougal. If one were to read only the petition, one may wonder why McDougal is even included in the petition. There are no specific allegations against McDougal other than is being a company that operates in Texas. *See* Dkt. 1, Ex. C. Jo-Ann provides evidence that helps the court understand why Reid included McDougal in her complaint. The affidavit indicates that McDougal leases 400 square feet in the middle of the store in which Reid was allegedly injured; this 400 square feet comprises 1.2 percent of the total space in the store. Dkt. 12, Ex. 1. While this information helps clarify why McDougal is even in the picture, piercing the pleadings a bit further reveals that it should not be. Reid's petition does not provide any information about McDougal even having space—albeit small—in the same store and certainly leaves out the fact that McDougal's area is in the middle, as opposed to the front center (where Reid allegedly fell). *See* Dkt. 1, Ex. C. Additionally, while the complaint alleges generally that "*Defendants* had such control over the premises in question and Defendants owed certain duties to Plaintiff," Jo-Ann's evidence indicates McDougal should not be included in that statement as "McDougal has no responsibilities or right to control any other area in the store." Dkt. 1, Ex. C; Dkt. 12, Ex. 1. In fact, the manager in charge on the day of the incident states that she personally saw the location where Reid says she slipped and fell and it is not near the area where McDougal operates. Dkt. 12, Ex. 1. The manager asserts that on the day in question, "Jo-Ann and its employees had exclusive control over the inspection and maintenance of the floor where Ms. Reid allegedly slipped and fell." *Id.* Clearly, if Reid had included the fact that McDougal was only responsible for a small portion of the

store that was not near where she fell in her petition, it would have been evident from the petition that Reid has no claim for premises liability against McDougal.[1]

## IV. CONCLUSION

Jo-Ann has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood*, 385 F.3d at 573. Reid's motion to remand (Dkt. 9) is DENIED. Reid's claims against McDougal are DISMISSED WITHOUT PREJUDICE. All requests for attorneys' fees are DENIED.

Signed at Houston, Texas on December 20, 2017.

_____
Gray H. Miller
United States District Judge

---

[1] The court notes that Reid did not file a reply to Jo-Ann's response even though she had ample opportunity to do so. Jo-Ann's response and evidence was filed over three months ago.